[No. A024178. First Dist., Div. One. May 9, 1985.]

REPUBLIC INDEMNITY COMPANY OF AMERICA, Plaintiff, Cross-defendant and Respondent, v.
EMPIRE BUILDERS CORPORATION, Defendant, Cross-complainant and Appellant.

COUNSEL

Joseph D. Geller for Defendant, Cross-complainant and Appellant.

David A. Norwitt for Plaintiff, Cross-defendant and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Defendant Empire Builders Corporation appeals from a judgment entered upon a finding of the superior court, a jury having been waived, in favor of plaintiff Republic Indemnity Company for worker's compensation insurance premiums due, in the amount of $147,181.

The relevant factual-procedural context of the appeal follows.

Plaintiff Republic Indemnity Company was an insurer, in the business of writing and issuing worker's compensation insurance policies. Defendant Empire Builders Corporation was an employer, engaged in the building construction business.

The minimum premium rates chargeable to employers by worker's compensation insurers are fixed and supervised uniformly by an agency of the

state. (Ins. Code, §§ 11730-11739, inclusive.) Such insurers are therefore unable to compete with others by offering more favorable rates with a correspondingly diminished fund against worker's compensation claims. But a *voluntary* return of a portion of such premiums "after the expiration of the term covered by such policy," is not forbidden. (Ins. Code, § 763, subd. (a).) Worker's compensation insurers thus sometimes compete with a favorable history of such voluntary premium rebates.

Republic Indemnity Company issued a worker's compensation insurance policy numbered 937192 to "*North Empire Construction Company.*" The policy was renewed each year. Upon one such renewal the policy number was changed to 963854, but the policy expressly recited that it was a *renewal* of the earlier policy numbered 937192. During the policy's renewed existence, at the insured's request, the name of the insured was changed to "*North Empire Construction Company and/or Empire Builders Corporation*"; the insured had represented that there was "no change in ownership or operation." And thereafter, again at the insured's request, the name *North Empire Construction Company* was deleted from the policy, which continued with its named insured as "*Empire Builders Corporation,*" i.e., the defendant of the instant action.

Sometime before September 1981, Empire Builders Corporation was in substantial default in premium payments on the policy. Appropriate demand by Republic Indemnity Company was fruitless, and in October 1981, the policy was canceled. The instant action was commenced by Republic Indemnity Company, November 5, 1981.

Republic Indemnity Company's policy, under authority of California's Insurance Commissioner (see Ins. Code, § 11658), contained, as here relevant, the following standard provisions:

"The Insured may participate in the earnings of the Company represented by surplus accumulated from premiums on California Workers' Compensation policies, subject to the following terms and conditions.

"Under California law it is unlawful for an insurer to promise the future payment of dividends under an unexpired workers' compensation policy or to misrepresent the conditions for dividend payment. Dividends are payable only pursuant to conditions determined by the Board of Directors or other governing board of the Company following policy expiration.

"In no event will the insured be entitled to a dividend unless the insured has complied with the conditions of the policy, including but not limited to making available payroll records of the insured in such condition that a

premium can be ascertained and, further, *no dividend shall be payable if any part of the premium for this policy, or immediate renewal thereof, or any other policy between the Company* or affiliates and the insured *shall remain unpaid,* or reported remuneration or other data upon which premiums are based, is not submitted to the Company or its affiliates for this or any other policy for ten days after written demand therefor, mailed to the address of the insured, or to the broker of the insured.'' (Our italics.)

Following Empire Builders Corporation's default in payment of premiums and while it remained in default, Republic Indemnity Company's governing board declared such a dividend for the period covered generally by the subject policy.

In the instant action, by way of answer and cross-complaint, Empire Builders Corporation sought to offset against such sums as might be due on the policy's premiums, dividends claimed under the above-noted policy provision. Republic Indemnity Company's response was that, because of its default, Empire Builders Corporation was unentitled to such dividends, or credit therefor.

Following a trial the superior court rendered its Code of Civil Procedure section 632 statement of decision which, as found here pertinent, stated:

"The policies of insurance in question all provide that in the event the premium is not paid pursuant to any of the policies or any renewals of the policies within ten days after billing to the insured or the broker, the insured is not entitled to a dividend. Said provision is reasonable and proper and is in accordance with California Law. Empire Builders Corporation and/or North Empire Construction Company were in default pursuant to the provisions of the policies of insurance in question and therefore not entitled to dividend consideration.

"Due to the breach of defendant of the policy provisions, it is not entitled to dividend consideration nor is North Empire Construction Company. Failure to pay a dividend under the facts and circumstances of this case does not constitute a forfeiture or an unjust enrichment of plaintiff.

"Pursuant to stipulation of the parties in open court, fraud is not an issue in this matter.

"A participating provision of the insurance policy, which is fair, just and reasonable, is merely a method by which insureds may, if they comply with the policy provisions, be entitled to participate in the surplus of the company resulting from workers compensation operations in the State of California.

It is not a method to adjust policy holder premiums which are set by law pursuant to regulations issued by the Department of Insurance of the State of California."

On its appeal, defendant Empire Builders Corporation first contends: "The trial court's refusal to address material issues of fact appellant raised constituted reversible error."

The complaint is that the court's statement of decision did *not* "explain the factual and legal basis for its decision as to each of the principal controverted issues at the trial," as required by Code of Civil Procedure section 632.

We disagree.

■ Under section 632, the trial court's statement of decision need do no more than give reasons which state the grounds upon which the judgment rests. Here, finding the pertinent policy provisions to be "reasonable and proper and in accordance with California law," and *not* to "constitute a forfeiture or an unjust enrichment of plaintiff," it had done so. A statement of ultimate, not evidentiary, facts is all that has ever been required. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 327, p. 3130.) And: " '[H]owever, lame, however inconclusive, any number of the findings may be, if in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded.' " (*Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

The instant contention is invalid.

■ The appeal's remaining contention is that: "The merits of the case exhibit the requirement of offset; not to allow an offset would allow a forfeiture of appellant's rights under its policy with respondent."

We note initially that the provisions of any worker's compensation insurance policy which, as here, have been approved by the Insurance Commissioner (see Ins. Code, § 11658), is conclusively presumed to contain the provisions required by law. (Ins. Code, § 11650.)

We observe further that the policy provisions here at issue are implemental of a public purpose "to eliminate irresponsible premium policies which developed in response to competitive conditions in the [worker's compen-

sation] insurance field. The purpose of this law was to require a premium rate [and premium *payment*] which would assure adequate reserves to meet claims as they matured. . . . For this reason agreements affecting the premium were brought within the scope of statutory and administrative regulation." (*Key System Transit Lines* v. *Pacific Employers Ins. Co.* (1959) 52 Cal.2d 800, 804 [345 P.2d 257]; italics added.)

And here we discern that the contractual provisions before us *expressly, and without ambiguity,* deny any dividend participation to an insured who is in default in paying the premiums on the policy or its immediate renewal. Even treating the provisions, arguendo, as providing for a forfeiture, such "clear and unambiguous" language will nevertheless be given effect. (*ABI, Inc.* v. *City of Los Angeles* (1984) 153 Cal.App.3d 669, 682 [200 Cal.Rptr. 563].)

Accordingly, no merit is found in the appeal.

The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied June 5, 1985.